The opinion of the Court was delivered by
Kichardson, J.
The grounds suggested for a writ of prohibition are
1. That the captain of a militia company cannot order a Court Martial.
2. That the sentence of the Court must be approved by some officer ordering the Court.
3. That a militia man has a right to send a substitute.
This Court is of opinion, that none of these grounds are tenable.
As to the first, the Act directs simply, “ that, &c., privates be tried by not less than three commissioned officersMiller’s Mil. Law, sec. 5T ; but by whom the Court shall be ordered, is not expressly pointed out. In order that the statute may avail, we must conclude that the Court is to be ordered by the officer commanding at the time when the default occurred ; that is to say, the captain, in this case.
This construction also points out who is to approve of the sentence. The injunction (Miller’s M. L., sec. 51) is, that it shall be done by the officer ordering the Court. In the instance before us, the captain, in adjudging the fine, together with the rest of the Court, and by his execution, of course, approved.
Upon the third ground, it is enough to say, that there is no law authorizing a militia man to send a substitute; and though in general, *622 but a reasonable indulgence, yet it is too disadvantageous to military discipline and improvement, to admit it as a general privilege, unless expressly given.
Blanding, for the motion. Levy, contra.
It was noticed, that the sentence being in these words and figures, to wit, “$1 50, and 50 per cent.,” was indefinite. But the statute (see Miller, 42, sec. 124,) fixes the fine at $1 50, and 50 per cent, on the *4151 * gen eral tax of the defaulter, which render the sentence intelli-J gible.
After the other case of the State v. D. L. Wakely, just now decided, and several others lately adjudged, in cases of patrol fines, militia fines, and upon proceedings by justices and freeholders, between landlord and tenant, I will not repeat the doctrine of prohibition further than to repeat, that every Court, acting clearly within its jurisdiction, in a case legally submitted, is independent of all other Courts, to which no appeal is given. Mere irregularity, insufficiency of proof, and mistaken judgments, in such cases, generally, afford matter of appeal only. But should we, under the name of prohibition, entertain appeals not expressly given to us, this Court would take jurisdiction, and might review all cases from inferior Courts.
The motion to reverse the order is, therefore, granted.
Gantt and Cotcooic, JJ., concurred.

 Ants, 174, 410. IN. & MeC. 504, and ante. Post. 419.